IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NEW YORK LIFE<br>INSURANCE COMPANY | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. _____ |
| JONATHAN C. JONES | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff NEW YORK LIFE INSURANCE COMPANY ("New York Life")

files this complaint, showing the Court as follows:

### Jurisdiction and Venue

1.

New York Life is a mutual insurance company organized under the laws of

New York, maintaining its principal office and place of business in New York,

New York.

2.

Defendant Jonathan C. Jones ("Jones") is a citizen of Georgia, residing in

Bleckley County, Georgia, and is subject to the jurisdiction of this Court.

3.

This is an action to recover $161,319.41 owed by Jones to New York Life

under a contract between the parties, plus attorney's fees and costs.

4.

This action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, in that (a) plaintiff and defendant are citizens of different states, and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds $75,000.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because defendant resides in this district.

**Facts**

6.

Jones and New York Life entered into an Agent's Contract (Form N9-01/06), effective December 31, 2007.

7.

A copy of the Agent's Contract is attached as Exhibit 1.

8.

The Agent's Contract authorized Jones to solicit applications for life insurance policies, to submit such applications to New York Life, and to collect certain policy premiums on New York Life's behalf.  The Agent's Contract provided for the payment of certain commissions to Jones by New York Life.

9.

The Agent's Contract provided, in part:

The Agent hereby (a) acknowledges receipt of the Agent/Registered Representative's Handbook (hereinafter "Handbook"), and agrees to observe and abide by the limitations of authority and rules specified in or issued as supplements to the Handbook that apply generally to Agents of New York Life; (b) agrees that the Agent's rights to receive commissions and service fees as provided in this Agent's Contract shall be further subject to the rules relating to commissions and service fees as contained in the Handbook, or other published New York Life rules; and (c) agrees that, under the circumstances stated in the Handbook, the Agent shall be liable for payment of the fees, charges and payments specified in the Handbook.

10.

The Agent's Contract provided that "[s]hould New York Life, in its sole discretion, deem it appropriate at any time to cancel a policy and refund any premium on which the Agent received any payment, such payment shall be charged back to the Agent and shall constitute an indebtedness of the Agent to New York Life and may be debited against the Agent's ledger."

11.

The Agent's Contract provided that "[t]o the fullest extent allowed by law, the Agent agrees to reimburse New York Life for all attorney's fees, costs, expenses, losses, damages and liability of every kind which New York Life may at any time may incur or pay on account of: . . . (b) Any breach by the Agent of any terms or provisions of this Agent's Contract or any of New York Life's

procedures, rules or guidelines . . . ."

12.

On December 17, 2007, Jones signed an acknowledgement, stating in part:

I, Jonathan C. Jones, acknowledge that I have read and understand the New York Life Insurance Company and NYLIFE Securities Agent/Registered Representative's Handbook ("the Handbook") and applicable sections of The Guide to Suitable Sales ("the Guide"). I understand and agree that I am bound by the rules set forth in the Handbook and the Guide, . . . and will adhere to these rules, along with all applicable state and federal laws, regulations, and rules, including those promulgated by the National Association of Securities Dealers, as they apply to my activities as an Agent of New York Life . . . .

13.

A copy of the signed acknowledgment is attached as Exhibit 2.

14.

The Agent/Registered Representative's Handbook ("the Handbook")

provided in pertinent part at SECTION II:  RULES OF CONDUCT:

**O.  COMPENSATION**

Agents will be entitled to be credited commissions only on premiums for policies resulting from applications the Agent has obtained in jurisdictions in which the Agent is properly licensed, and only in accordance with  the Company's rules . . . .

. . .

• If, for any reason, the Company rescinds, declines, does not issue, or cancels a policy, the amount of any compensation credited to the Agent as a result of the policy will be  debited from the Agent's ledger of as necessary, upon demand therefore, the Agent  shall otherwise

repay the Company the amount of any such credited compensation. Agents are responsible for all ledger debits, including those held at the time of termination or resignation.

• If, for any reason, a policy terminates or is reformed and compensation credits have been advanced to the Agent for premiums that have not been paid to the Company, the amount of such compensation credits will become due from the Agent to the Company, and the Agent's ledger will be debited for any compensation that was credited, or, as necessary, upon demand therefore the Agent shall otherwise repay the Company the amount of any such credited compensation, and;

• If, for any reason, the Company deems it necessary, a policy may be issued subject to an adjustment to the Agent's compensation; or, if compensation has been allowed, the Company may require that the compensation be refunded in whole or in part.

• The Agent is responsible for all sums due to the Company pursuant to the Agent's Contract or otherwise. The Company may apply any such sums to liquidate any debt or obligation to the Company, together with any applicable interest.

• Any indebtedness or obligation remaining after offset is a personal debt owed by the Agent to the Company. The Company may recover any such debt at any time, together with applicable interest.

• Any Agent whose contract with the Company is terminated at the request of either the Agent or the Company is required immediately to repay any such debt to the Company. Any such debt survives the termination of any Agent's Contract with the Company, and the Company has the right to prompt full repayment, together with applicable interest.

• If any Agent does not promptly repay a debt due and owing to the Company, or fails to enter into an agreement to repay the debt pursuant to terms acceptable to New York Life, the Company is entitled to reasonable attorneys' fees and costs associated with bringing an action to collect this debt, together with applicable interest.

• Compensation credits applied to an Agent's ledger are not considered earned upon posting and are subject to the applicable rules and procedures concerning advancing, annualization and reversal of commissions and similar adjustments for offsetting expenses.

15.

A copy of SECTION II: RULES OF CONDUCT, Part O.

COMPENSATION, of the Handbook is attached as Exhibit 3.

16.

Effective September 30, 2013, Jones terminated his Agent relationship with

New York Life.

17.

During 2013, New York Life paid Jones $161,319.41 in commission credits

for policies of insurance that were later rescinded, declined, cancelled, or otherwise

not issued.

18.

In accordance with the terms of the Agent's Contract and the Handbook,

Jones is responsible for reimbursing New York Life commission credits in the

amount of $161,319.41 for policies that were later rescinded, declined, cancelled,

or otherwise not issued, plus interest.

19.

By letter to Jones dated November 8, 2013, New York Life demanded

reimbursement of the debit balance of $161,319.41.

20.

A copy of the letter dated November 8, 2013, is attached as Exhibit 4.

21.

To date, Jones has refused to reimburse New York Life any part of the debit balance of $161,319.41.

22.

New York Life has incurred, and will continue to incur attorney's fees, costs, and expenses due to Jones's breach of the Agent's Contract and the Handbook.

## Count I

## Breach of Contract

23.

The allegations contained in paragraphs 1 through 22 of the complaint are hereby incorporated by reference.

24.

New York Life and Jones entered into and were parties to the Agent's Contract, which was a valid and enforceable contract.

25.

Jones was bound by the terms of the Agent's Contract and the Handbook

through and including September 30, 2013, when his Agent relationship with New

York Life was terminated.

### 26.

At all relevant times, New York Life fully performed its obligations under

the Agent's Contract.

### 27.

Jones failed to perform his obligations under the Agent's Contract and the

Handbook by failing to pay New York Life the sum of $161,319.41, which is the

balance owed to New York Life in his agent ledger.  Jones's failure to do so

constitutes a material breach of contract.

## Count II

## Money Had and Received

### 28.

The allegations contained in paragraphs 1 through 27 of the complaint are

hereby incorporated by reference.

### 29.

New York Life paid Jones $161,319.41 in commission credits for policies

that were later rescinded, declined, cancelled, or otherwise not issued.

### 30.

In good conscience, Jones is not entitled to retain the $161,319.41 in

commission credits paid to him for policies that were later rescinded, declined, cancelled, or otherwise not issued.

31.

New York Life has demanded reimbursement of $161,319.41, which Jones has refused.

32.

Jones is liable to New York Life for $161,319.41 under the doctrine of money had and received.

## Count III

## Attorney's Fees and Costs

33.

The allegations contained in paragraphs 1 through 32 of the complaint are hereby incorporated by reference.

34.

Under the terms of the Agent's Contract, Jones is liable to New York Life for all attorney's fees and costs incurred in connection with his failure to reimburse New York Life the $161,319.41 in commission credits paid to him for policies that were later rescinded, declined, cancelled, or otherwise not issued.

35.

In addition, Jones has acted in bad faith, has been stubbornly litigious, and

has caused New York Life unnecessary trouble and expense.

36.

Accordingly, New York Life is entitled to recover its reasonable attorney's

fees and costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, plaintiff New York Life Insurance Company respectfully

prays that the Court enter judgment against Jones for the following relief:

(a) Damages of not less than $161,319.41;

(b) Interest;

(c) New York Life's attorney's fees and costs in this action; and

(d) Such other and further relief as this Court deems just and appropriate.

This 3rd day of February, 2014.

*s/  H. Sanders Carter, Jr.*
H. Sanders Carter, Jr.
Georgia Bar No. 114100

*s/  Aaron E. Pohlmann*
Aaron E. Pohlmann
Georgia Bar No. 582685

Attorneys for Plaintiff

SMITH MOORE LEATHERWOOD LLP
1180 West Peachtree Street, Suite 2300
Atlanta, Georgia 30309
(404) 962-1000 – *Telephone*
(404) 962-1200 – *Facsimile*
*sanders.carter@smithmoorelaw.com*
*aaron.pohlmann@smithmoorelaw.com*