IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-45 (MTT) |
| **JONATHAN C. JONES,** | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

Before the Court is the Plaintiff's motion for default judgment. (Doc. 20). For the reasons stated below, the motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On December 31, 2007, Defendant Jonathan Jones entered into an Agent's Contract with Plaintiff New York Like Insurance Company ("New York Life"). (Docs. 7, ¶ 6; 7-1 at 2-9). Pursuant to the terms of the contract, Jones would "solicit applications for life insurance policies, … submit such applications to New York Life, and … collect certain policy premiums on New York Life's behalf." (Docs. 7, ¶ 8; 7-1 at 2-9). In return, New York Life paid Jones a commission. (Docs. 7, ¶ 8; 7-1 at 2-9). However, the Agent's Contract stated that should New York Life decide "to cancel a policy and refund any premium on which the Agent received any payment," the payment would "constitute an indebtedness of the Agent and may be debited against the Agent's ledger." (Docs. 7, ¶ 10; 7-1 at 8). In other words, as explained in the Agent/Registered

Representative's Handbook ("Handbook"),[1] Jones, as an Agent, must repay New York Life the amount of "any such credited compensation" received from those policies that were rescinded, declined, cancelled, or otherwise not issued. (Docs. 7, ¶ 14; 7-3 at 2). Finally, Jones agreed to reimburse New York Life for "all attorney's fees, costs, expenses, losses, damages and liability … which New York Life may … incur" as a result of a breach of the Agent's Contract or any other procedure, rule, or guideline. (Docs. 7, ¶ 11; 7-1 at 4).

On August 14, 2012, Jones also entered into a Special Debit Repayment Arrangement under which Jones agreed to pay New York Life $83,904.54 over 24 months at a rate of $3,949.68 each month. (Docs. 7, ¶ 17; 7-4 at 2-4). "Jones acknowledged that the Special Debit Repayment Arrangement constituted an indebtedness which he was obligated to pay New York Life." (Docs. 7, ¶ 17; 7-4 at 4).

Jones then terminated his Agent relationship with New York Life on September 30, 2013. (Doc. 7, ¶ 19). During the year of 2013, Jones had been paid commission credits on "polices of insurance that were later rescinded, declined, cancelled, or otherwise not issued," totaling $117,873.96. (Docs. 7, ¶ 20; 20-2, ¶ 14; 20-2 at 17-20). Further, at the time he terminated the Agent relationship, Jones still owed $43,446.43 under the Special Debit Repayment Arrangement. (Doc. 7, ¶ 20). Thus, Jones owed New York Life a total "debit balance" of $161,319.41.[2] (Doc. 7, ¶ 22). On November 8,

---

[1] The Agent's Contract also provided that the agent's "rights to receive commissions and service fees" were subject "to the rules relating to commissions and service fees in the Handbook." (Doc. 7, ¶ 9). On December 17, 2007, Jones signed an acknowledgment to be bound by the rules in the Handbook. (Docs. 7, ¶ 12; 7-2 at 2).

[2] In its motion, New York Life noted that the balance indicated on Jones's ledger is $.08 more than the amount for which New York Life is seeking repayment, but to avoid confusion, New York Life only seeks the lesser demanded amount—$161,319.41—as pled in its amended complaint. (Doc. 20-1 at 8 n.2).

- 2 -

2013, New York Life sent Jones a letter demanding payment of this balance. (Docs. 7, ¶ 22; 7-5 at 2). However, Jones did not repay any part of it. (Doc. 7, ¶ 25).

On February 3, 2014, New York Life filed the present action, asserting claims for breach of contract or alternatively for money had and received, including attorney's fees and costs and prejudgment interest. (Docs. 7). Jones allegedly owes New York Life $161,319.41 for breach of the Agent's Contract and the Special Debit Repayment Arrangement. (Doc. 7, ¶ 21). Jones was granted multiple extensions of time to file a responsive pleading to New York Life's amended complaint (Doc. 7) but failed to do so. (Text-only orders on May 8, 2014, and June 6, 2014; Doc. 12). The Clerk entered default on January 22, 2015, and then New York Life moved for default judgment.

## II.   DISCUSSION

### A. Default Judgment Standard

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is committed to the discretion of the Court. *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). However, default judgment does not follow automatically from an entry of default. The Court additionally "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007). *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d

1200, 1206 (5th Cir. 1975).³  As to requests for damages, the Court may conduct evidentiary hearings, although "no such hearing is required where all essential evidence is already of record."  *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### B.  Liability for Breach of Contract Claim

New York Life has the burden of pleading and proving that a valid contract existed and that a breach of that contract occurred.  To demonstrate the existence of a valid contract, New York Life must show (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by all the parties to the terms of the contract.  O.C.G.A. § 13-3-1; *Langsfield v. Wynne*, 2009 WL 383395, at *3 (N.D. Ga).  Then, to state a breach of contract claim in Georgia, New York Life must show "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken."  *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (2010).  Here, the Court finds that New York Life's amended complaint sets forth all the required elements to establish Jones's liability for breach of contract with respect to the Agent's Contract and the Special Debit Repayment Arrangement.  Jones has not satisfied his obligations under either contract, despite demands for payment by New York Life.⁴

### C.  Damages for Breach of Contract

There is sufficient evidence in the record to determine the actual damages to New York Life without a hearing.  *See Adolph Coors Co. v. Movement Against Racism*

---

³ The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

⁴ Because New York Life has sufficiently established Jones's liability for breach of contract, the Court need not address the alternative claim for money had and received.  *See Baghdad v. Cent. Life Ins. Co.*, 224 Ga. App. 170, 171, 480 S.E.2d 221, 224 (1996) ("[The money had and received] theory applies only when there is no actual legal contract.  Since a legal contract, in this case an insurance contract, existed here, the theory of money had and received is not applicable to these facts." (internal citation omitted)).

*and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (a court may award damages for a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation). Specifically, the records produced by New York Life indicate Jones was obligated to reimburse New York Life for $43,446.43 under the Special Debit Repayment Arrangement and $117,873.06 for the "commissions for policies of insurance that were later rescinded, declined, cancelled, or otherwise not issued." (Docs. 20-1 at 11; 20-2, ¶¶ 12, 14; 20-2 at 20, 22-24). Further, New York Life's employee Dennis J. Campo has testified by affidavit that none of these charges have been paid. (Doc. 20-2, ¶ 16). Accordingly, the Court finds New York Life is entitled to actual damages in the amount of $161,319.41 for Jones's breach of the Agent's Contract and Special Debit Repayment Arrangement.

### D. Attorney's Fees and Litigation Expenses

Attorney's fees and litigation expenses are permitted where specially pleaded and "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. New York Life has so pled, and the facts indicate Jones has been stubbornly litigious and has caused New York Life unnecessary expense. Accordingly, New York Life is entitled to a reasonable amount of attorney's fees and expenses.

To determine a reasonable amount of attorney's fees, "the number of hours reasonably expended on the litigation [is] multiplied by a reasonable hourly rate. … The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal quotation marks and citation omitted). "A

reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1396 (11th Cir. 1988).  The court may also make an award based on its own experience. *Id.* at 1303.

To support the request for attorney's fees and expenses, New York Life's counsel submitted an affidavit[5] with supporting documents demonstrating that counsel spent 87.1 hours on this matter, resulting in attorney's fees of $24,426.50.[6]  (Docs. 22, ¶ 15; 22-1).  An additional $487.43 in expenses also accrued.  (Docs. 22, ¶ 17; 22-1). Based on review of the documents provided and the Court's own experience, the Court is satisfied that counsel expended a reasonable amount of hours at hourly rates that are reasonable for this type of litigation in this legal community.  Accordingly, New York Life is entitled to attorney's fees and expenses totaling $24,913.93.

### E. Prejudgment Interest

New York Life also requests prejudgment interest on its actual damages of $161,319.51.  Where the contract does not specify the interest rate, "[u]nder Georgia law, if a sum is liquidated, pre-judgment interest accrues from the date of demand at a rate of 7 percent per annum."  *Great Am. Ins. Co. v. Int'l Ins. Co.*, 753 F. Supp. 357, 364 (M.D. Ga. 1990) (citing *Gen. Elec. Credit Corp. v. Strickle Props.*, 861 F.2d 1532

---

[5] Because New York Life's original affidavit supporting its request for attorney's fees did not permit meaningful review of the reasonableness of the hours expended or the hourly rates, the Court ordered New York Life to supplement the affidavit.  (Doc. 21).

[6] According to New York Life's counsel, multiple lawyers and staff worked on this case charging various hourly rates.  H. Sanders Carter, partner, charged $305 in 2013, and then $310.  Aaron Polhmann, partner, charged $295.  Andrea Cataland, counsel, charged $275.  Jennifer Rathman, associate, charged $255.  Stacey Delk, paralegal, charged $150 in 2013, and then $160.  (Doc. 22, ¶ 8).

(11th Cir. 1988)); *see also* O.C.G.A. §§ 7-4-15 and 7-4-2.  Here, because the contract does not specify the interest rate and the sum is liquidated, New York Life is entitled to the prejudgment interest that has accrued since November 8, 2013, the date of New York Life's demand Letter to Jones, at a rate of 7 percent, or $30.94 per day.

### III.    CONCLUSION

The Plaintiff's motion for default judgment is **GRANTED**.  (Doc. 20).  Judgment shall be entered against the Defendant in the amount of $161,319.41 on the Plaintiff's claim for breach of contract.  The Plaintiff is further awarded $24,913.93 in attorney's fees and litigation expenses and prejudgment interest at a rate of 7 percent, or $30.94 per day.

**SO ORDERED**, this 15th day of May, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
